UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM F. HOLEKAMP, Trustee of the WILLIAM F. HOLEKAMP REVOCABLE TRUST,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WESTPORT LLC, et al.,<br><br>　　　　　Defendant. | CASE NO. C24-5658 BHS<br><br>ORDER |

THIS MATTER is before the Court on defendant Westport's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss plaintiff William Holekamp's state law tort and CPA claims against it as precluded by federal maritime law. Dkt. 33.

Holekamp engaged Westport to retrofit a used 130-foot Westport yacht he purchased for that purpose. He sought to extend the yacht's stern an additional fourteen feet to accommodate a sport-fishing cockpit and numerous other improvements. Westport provided an initial $1,258,310 estimate and the parties executed a written contract for the work. Dkt. 17-6. Westport finished the yacht and returned it to Holekamp, who was not satisfied with the work, the time it took, or the cost. Holekamp sued in state court in

ORDER - 1

Missouri, where he lives. Westport removed the case to federal court and the District Court transferred the case to this District, where defendant Westport is and where the work was performed. Dkt. 19.

Holtkamp's amended complaint, Dkt. 30, alleges that Westport breached the contract, and also asserts state law negligent misrepresentation (Count I), fraud (Count II), Washington Consumer Protection Act (CPA) (Count III), unjust enrichment (Count V), and negligence (Count VI) claims, based on Westport's pre-contract representations about capacity and ability, and problems and deficiencies in the work Westport performed on his yacht. He asserts that Westport and its president, defendant Wakefield, misrepresented Westport's ability to do the work on time and on budget, which induced him to contract with Westport for the work. He seeks money damages for the cost to complete the work above the initial estimate, and costs to repair and replace equipment. Dkt. 30 at 14.

Westport seeks dismissal of Holekamp's state law tort and CPA claims as precluded by the applicable federal maritime economic loss rule.

## DISCUSSION

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

**A.  Maritime law applies.**

Westport's motion asserts that federal maritime law governs this dispute concerning a contract to refit a vessel. Dkt. 33 at 5 (citing *Kossick v. United Fruit Co.*, 365 U.S. 731, 735 (1961) (a contract to repair a vessel is a maritime contract). It argues that the maritime economic loss rule therefore applies and that a tort action may not lie

where the basis for liability arises from contract. *Id*. (citing *St. Clair Marine Salvage, Inc. v. M/Y Blue Marlin*, No. 13-14714, 2014 WL 2480587 (E.D. Mich. June 3, 2014) (citing *East River Steamship Corporation*, 476 U.S. 858, 871 (1986)).

Thus, Westport argues, because the dispute arises from a maritime contract, maritime law precludes Holekamp's negligence, negligent representation, and fraud[1] claims. It argues that Holekamp's state law tort claim for unjust enrichment is similarly not viable in the face of a maritime contract, Dkt. 33 at 8, and that the Washington Supreme Court has held that maritime law precludes Holekamp's CPA claim for economic loss. *Id*. at 8 (citing *Stanton v. Bayliner Marine Corp.*, 123 Wash.2d 64, 83 (Wash. 1993)).

Holekamp's primary response is that the case is not governed by maritime law. He argues that maritime law does not apply when a vessel undergoes transformative renovations and repairs lasting more than a year and is thus taken "out of navigation." Dkt. 35 at 5–7 (citing *Chandris, Inc. v. Latsis,* 515 U.S. 347, 374 (1995), and others).

Westport's reply accurately asserts that *Chandris* and the other authority upon which Holekamp's argument relies involve an injured plaintiff's seaman status under the Jones Act, and that that authority has no bearing on the issue of admiralty jurisdiction over a maritime *contract* dispute. Dkt. 36 at 2–4. It argues that a contract to repair a

---

[1] Westport also argues that Holekamp's fraud claim merely recites the elements of a claim and fails to allege any facts supporting the heightened fraud pleading standard, Dkt. 36 at 7–8, and that his CPA claim fails because he cannot plausibly allege that the deceptive acts of which he complains could affect the public interest. Dkts. 35 at 9–10; 36 at 8–9. The Court need not reach these arguments.

1  vessel is a maritime contract whether it arises on the sea, or not. *Id*. at 2 (citing Thomas J.
2  Schoenbaum, *Admiralty and Maritime Law*, § 3:10 (6th Ed. 2024) ("A contract for the
3  repair or the extensive reconstruction of vessel is within admiralty jurisdiction.")).

4  On this point, Westport is plainly correct. The fact that the vessel was undergoing
5  an extensive refit does not mean that maritime law does not apply.

6  Holekamp also argues that maritime law does not apply because the parties'
7  contract provided that Washington law applies. He argues that the Supreme Court
8  recently held that "choice-of-law provisions in maritime contracts are presumptively
9  enforceable as a matter of federal maritime law, with certain narrow exceptions." Dkt. 35
10 at 8 (citing *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC,* 601 U.S. 65 (2024)).
11 He does not cite or quote the contract language, but the parties' contract provided that it
12 was to be *interpreted* under Washington contract law. Dkt. 17-6 at 3. Westport argues,
13 again persuasively, that *Great Lakes* expressly recognized that a choice of law provision
14 is not enforceable if it would "conflict with an established federal maritime policy." Dkt.
15 36 at 7 (citing *Great Lakes* at 76). The maritime economic loss rule is firmly established.
16 Washington law cannot and does not control over it.

17 Federal maritime law applies to this dispute.

18 **B.    Holekamp's tort claims are inextricably intertwined with his contract claims.**

19 Holekamp argues that even if maritime law applies, the maritime economic loss
20 rule is "not absolute." Dkt. 35 at 7. He argues that his tort claims assert fraud in the
21 inducement and are thus not barred by the maritime economic loss rule. *Id*. at 8–8 (citing
22 *Grupo HGM Tecnologias Submarina, S.A. v. Energy Subsea, LLC,* 566 F. Supp. 3d 1219,

1233–34 (S.D. Ala. 2021) (*quoting R/V Beacon LLC v. Underwater Archaeology & Exploration Corp.,* No. 14-CIV-22131, 2014 WL 4930645 (S.D. Fla. Oct. 1, 2014))). He argues that "a tort may be deemed independent of a contract and, therefore, not subject to the economic loss rule, where the allegedly tortious conduct is separate and unrelated to any contractual provisions." *Id*. (quoting *McSweeney v. MSC Cruises (USA), Inc.,* Case No. 14-CIV-62402-BLOOM/Valle, 2015 U.S. Dist. LEXIS 181466, 2015 WL 12543901, at *3 (S.D. Fla. September 28, 2015)). Holekamp argues that Westport's fraudulent and negligent misrepresentations involved matters not covered by the contract, including Westport's ability to do the work. *Id*.

   Westport responds that *Grupo* and the cases it relies on are poorly-reasoned, non-binding, and contrary the long-standing bases for the maritime economic loss rule:

> The rule is born of the Court's concern that contract law not "drown in a sea of tort" and a preference that, when an enforceable contract exists, the parties resolve their disputes based on that relationship rather than framing contract claims as torts. . . . Where the only injury is economic loss, the purchaser and the manufacturer can set the terms of their expectations through negotiations, contract provisions, price adjustments, and insurance.

Dkt. 36 at 6 (*Atlantic Specialty Ins. Co. v. The General Ship Repair Corp.*, 564 F.Supp.3d 399, 402 (D. Md. 2021) (citing *East River* at 866 and 871–75)). It correctly points out that *Grupo* relied on *R/V Beacon*, which relied on state law, not maritime law. *Id*. at 5. And *R/V Beacon's* identification of an "emerging trend" of cases recognizing a fraud-in-the-inducement exception to the economic loss rule pointed to a single case, *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 676 (3d Cir. 2002). *Werwinski*, in turn, involved a

holding that under Pennsylvania law the economic loss rule barred a fraud claim (and a statutory consumer claim). Dkt. 36 at 5 (citing *Werwinski*, 286 F.3d 661).

There does not appear to be a trend of maritime cases recognizing such an exception to the maritime economic loss rule. *Great Lakes* has since confirmed that choice of law provisions in maritime contracts are enforceable unless they conflict with established federal maritime policy, strongly suggesting that state law does not inform the contours of that policy.

The Court agrees that the maritime economic loss rule bars Holekamp's tort and CPA claims. Even if a stand-alone fraud claim could theoretically exist alongside a breach of a maritime contract claim, Holekamp's fraud, negligent misrepresentation and negligence claims here are "inextricably intertwined" with his contract claim. The gist of his claim is that Westport promised to perform work at certain cost at a certain time, and that it breached those promises. There is a maritime contract governing the subject matter of that dispute, and the maritime economic loss rule bars state law tort claims seeking money damages.

Westport's motion to dismiss Holekamp's tort claims and his CPA claim (Counts I, II, III, V, and VI), Dkt. 33, is **GRANTED** and those claims are **DISMISSED** with prejudice. **IT IS SO ORDERED.**

Dated this 24th day of February, 2025.

BENJAMIN H. SETTLE
United States District Judge