UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| WILLIAM F. HOLEKAMP, Trustee of the WILLIAM F. HOLEKAMP REVOCABLE TRUST,<br><br>        Plaintiff,<br><br>  v.<br><br>WESTPORT LLC, et al.,<br><br>        Defendant. | CASE NO. C24-5658 BHS<br><br>ORDER |

THIS MATTER is before the Court on defendant Westport's motion to continue the trial date, Dkt. 48.

Holekamp engaged Westport to retrofit a used 130-foot Westport yacht he purchased for that purpose. Westport finished working on the yacht and returned it to Holekamp, who was not satisfied with the work, the time it took, or the cost. Holekamp sued in state court in Missouri, where he lives. Westport removed the case to federal court and the District Court transferred the case to this District, where defendant Westport is and where the work was performed. Dkt. 19.

ORDER - 1

1    Holekamp asserts a number of state law claims against Westport, based on
2    Westport's pre-contract representations about capacity and ability, and problems and
3    deficiencies in the work Westport performed on his yacht. Dkt. 30. He seeks money
4    damages for the cost to complete the work above the initial estimate, and costs to repair
5    and replace equipment. *Id.* at 14.
6    The case was originally scheduled for trial on November 18, 2025. Dkt. 34.
7    Westport asked to continue trial, arguing discovery could not be completed in time. Dkt.
8    39. The Court granted Westport's requested continuance over Holekamp's opposition,
9    setting the discovery deadline to December 8, 2025, and trial for April 7, 2026. Dkts. 40,
10   43.
11   On October 1, 2025, Westport deposed Holekamp and asked what the damages
12   would be in this case. Dkt. 48-1 at 7. Holekamp testified he did "not have a total number
13   of that at this time" because he had not "finished fixing the things, or even evaluated the
14   things that cannot be fixed." *Id.* When asked what needed to be done to "get to that
15   number," Holekamp stated, "some things actually need to be repaired, and some things
16   need to be evaluated in order to repair them." *Id.* Throughout his deposition, he listed
17   several alleged defects with Westport's work on his vessel. *See* Dkt. 50-2 at 6–8. He
18   estimated the work would be completed in "maybe December." *Id.* at 11.
19   Westport moves again to continue the trial date. Dkt. 48. It contends that despite
20   its diligence, it cannot complete discovery per the current schedule because Holekamp is
21   "still in the process of performing work to the vessel that [he] alleges is relevant to [his]
22

ORDER - 2

damages." *Id.* at 4. Holekamp opposes a continuance, arguing that only one workmanship issue remains and that it will be completed the week of December 15, 2025. Dkt. 49.

Rule 16(b)(4) allows the Court to modify a case schedule for good cause. Westport persuasively demonstrates it cannot be reasonably expected to complete discovery by the current deadline. Holekamp could not definitively respond when asked when he would be able to provide the damages number. He estimates he will be done with repairs one week past the current discovery deadline—at the earliest.

Additionally, as Westport persuasively raises in its reply, Dkt. 50, Holekamp has apparently not met his Rule 26 obligation to disclose damages. Westport seeks to retain a damages expert who will opine on the work Holekamp has had to allegedly perform on the vessel, and is unable to do so until Holekamp provides an estimate.

Westport has shown good cause for a continuance.

Westport's motion for a continuance is **GRANTED**. The current scheduling order is **STRICKEN**. The parties shall file a joint status report by December 15, 2025, with an update on discovery and a proposed scheduling order.

IT IS SO ORDERED.

Dated this 10th day of November, 2025.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3